Chief Justice EISMANN,
specially concurring.
I concur in the majority opinion, but write to add an additional comment.
If we were to expand Harrigfeld v. Hancock, 140 Idaho 134, 90 P.3d 884 (2004), as requested by Ms. Soignier, what amount of money would she be entitled to receive? That was a question she could not answer during oral argument.
Cowan had already received a distribution from the trust prior to making his final will. The money received was obviously no longer subject to the trust, and he made no attempt to bequest that money to Ms. Soignier. Had he wanted to, he certainly could have done so either by making a specific bequest to her or granting her a portion of the residue of the estate other than “[a]ll beneficial interests that I have in any trusts.” He did neither. Assuming that he wanted to give her a bequest, it was certainly not the money he had already received. So, what was it? How much money did he want her to receive? Any contention that Cowan intended for Ms. Soignier to receive some specific sum of money is certainly contrary to the provisions of his will because he did not bequeath her any specific sum. The need to speculate as to what he would supposedly have done had his attorney given different advice shows why Harrigfeld should not be expanded as Ms. Soignier requests.